UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HERMINIO RODRIGUEZ,

    Petitioner,

v.                                    Case No: 2:17-cv-628-FtM-38MRM

ATTORNEY GENERAL OF THE
UNITED STATES, FIELD OFFICE
DIRECTOR, JOHN KELLY,
THOMAS D. HEDMAN, JUAN
ACOSTA and ORESTES CRUZ,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Respondent Attorney General of the United States' Motion to Dismiss for Mootness (Doc. #13) filed on November 30, 2017. On October 25, 2017, Petitioner Herminio Rodriguez filed a petition for writ of habeas corpus requesting relief from his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE).

Rodriguez is a citizen of Cuba. He was first taken into custody by ICE on January 18, 2011, and ordered removed on February 15, 2011. On May 17, 2011, Rodriguez was released from ICE custody. On July 14, 2017, Rodriguez was again taken into custody

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

by ICE. Rodriguez filed the instant Petition contesting his detention. On November 9, 2017, Rodriguez was again released under ICE supervision. Rodriguez is currently out on supervised release.

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III. Mootness can occur due to a change in circumstances or a change in law. *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320 (11th Cir. 2004). A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d. 1276 (11th Cir. 2004); *Christian Coalition of Ala. v. Cole*, 355 F.3d 1288 (11th Cir. 2004); *Crown Media LLC v. Gwinnett County, Ga*, 380 F.3d. 1317 (11th Cir. 2004). Dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits would be an impermissible advisory opinion." *Troiano*, 382 F.3d at 1282 (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001)). Although there is an exception to the mootness doctrine for those cases that are "capable of repetition yet evading review," "this exception is narrow, and applies only in exceptional circumstances." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing *Al Najjar*, 273 F.3d at 1336). Two conditions must be met to invoke the exceptions: (1) the challenged action must be of a short duration to be fully litigated; and (2) there exists a reasonable expectation that the same complaining party would be subjected to the same action again. *Christian Coalition of Ala.*, 355 F.3d at 1293 (emphasis added). In other words, "[t]he remote possibility that an event might recur is

not enough to overcome mootness, and even a likely reoccurrence is insufficient if there would be ample opportunity for review at that time." *Al Najjar*, 273 F.3d at 1336. In this instance, it is undisputed that Rodriguez is no long in ICE custody. (Doc. #13-1) (Respondents' attached a copy of the Order of Supervision).

Given that Rodriguez's Petition is seeking relief from ICE detention, his Petition is now moot. *See Hernandez v. Wainwright*, 796 F. 2d 389, 390 (11th Cir. 1986) (holding that when a habeas challenges the length of confinement rather than the underlying conviction and the petitioner is released, then the petition should be dismissed as moot). Any claim that Rodriguez's conditional release will be revoked in the future would be purely speculative. *See L'Hommeus v. Mukasey*, No. 207CV618FTM29DNF, 2008 WL 11334896, at *2 (M.D. Fla. Oct. 13, 2008) (finding that any claim by petitioner released from ICE custody on supervised release that his conditional release could be revoked would be speculative). As such, there is no case or controversy for judicial review. The Petition is moot and the Respondents' Motion to Dismiss is due to be granted.

Accordingly, it is now

**ORDERED:**

(1) Respondent Attorney General of the United States' Motion to Dismiss for Mootness (Doc. #13) is **GRANTED**.

(2) The Petitioner Herminio Rodriguez's Petition for Habeas Corpus Relief (Doc. #1) is **DISMISSED** without prejudice.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of Decvember, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Herminio Rodriguez
All Parties of Record
SA: FTMP-2